998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David H. LARSON, Defendant-Appellant.
 No. 92-2533.
 United States Court of Appeals, Seventh Circuit.
 Argued April 13, 1993.
Decided July 20, 1993.
 
 1
 Before POSNER, and FLAUM, Circuit Judges, and RONEY, Senior Circuit Judge*.
 
 ORDER
 
 2
 On February 27, 1992, after a jury trial, defendant David H. Larson was found guilty of distribution of 26.3 grams of cocaine to a government informant. On appeal, Larson raises four issues: (1) sufficiency of the evidence; (2) error in excluding the testimony of a witness; (3) improper calculation of his sentence under the guidelines, and (4) ineffective assistance of trial counsel. We decline to consider Larson's ineffective assistance claim on direct appeal because it should be raised in a collateral proceeding. As to the other three issues, we affirm.
 
 
 3
 (1) Sufficiency of Evidence
 
 
 4
 Defendant Larson, an attorney living in Rockford, Illinois, was a habitual user of cocaine. Over a period of several months beginning in the summer of 1989, Larson had numerous cocaine dealings with Timothy Conti, a cocaine user and dealer. In the fall, Conti moved into the house with Larson and his girlfriend. In December, however, Conti moved out and Larson began in-patient treatment for his cocaine addiction. By mid-February of 1990, Larson completed the program and returned to his law practice.
 
 
 5
 In the meantime, Conti was arrested and, pursuant to a plea bargain, agreed to cooperate with the FBI in drug investigations. Beginning in March 1990, Conti initiated a series of recorded telephone conversations with Larson, and on March 29 met with Larson wearing a tape recorder beneath his clothing, which meeting resulted in the sale of an ounce of cocaine by Larson to Conti. In November, Larson was indicted for distribution of cocaine in that March 29 transaction.
 
 
 6
 Larson requested and the trial court gave an entrapment instruction. He contended that the tapes showed that he had no predisposition to commit this crime. He contends that the government did not meet its burden of proving beyond a reasonable doubt that he committed the crime as a result of his predisposition to do so. Taped dialogue between Larson and government informant Conti, which was played at trial, did indeed show that Larson protested that he was "clean," had not consumed alcohol or cocaine since completing the addiction program, and he did not know why people continued to call him seeking to sell cocaine.
 
 
 7
 The tapes, however, viewed in the light most favorable to the government, would support a decision by a rational trier of fact that Larson was a willing participant in the cocaine transaction, albeit he was doing a favor for a friend. Jackson v. Virginia, 443 U.S. 307, 319, reh'g denied, 444 U.S. 890 (1979). Knowing that people had called him to sell cocaine, Larson told Conti, who had said that he could not obtain drugs anywhere: "I can get you an ounce." The issue was for the jury and its decision cannot be set aside because of insufficient evidence.
 
 
 8
 (2) Exclusion of Testimony
 
 
 9
 Larson claims that the district court committed reversible error in excluding the testimony of Steve Ford, who was identified by informant Conti as a supplier of cocaine to Larson. After the Government concluded its case-in-chief, Larson sought to call Ford as his first witness to rebut Conti's testimony by denying that he had ever supplied cocaine to Larson. The court refused, stating that Ford "at most would discredit the testimony of the State's witness [Conti], which I think is purely collateral in this case." We may not overturn the district court's decision on admissibility of evidence absent a clear showing of abuse of discretion. United States v. Harris, 761 F.2d 394, 398 (7th Cir.1985). No such showing has been made here. Larson asserts that Ford's testimony was relevant to show, in response to the Government's assertions, that Larson lacked predisposition. However, Larson's offense in this case was selling cocaine, not buying it, and whether or not he got some from Ford was not at issue. Larson's own testimony named other suppliers, so it is immaterial whether Ford was one, too. The district court's decision to exclude Ford's testimony was well within its discretion.
 
 
 10
 (3) Calculation of Sentence
 
 
 11
 Larson argues that the district court erred in (1) increasing his base offense level from 14 to 16 because of another cocaine transaction it deemed related, (2) denying a 2- to 4-level reduction for being a minor or minimal participant, and (3) denying a 2-level reduction for acceptance of responsibility. With an offense level of 16 and a criminal history category of I (imprisonment range 21-27 months), Larson's sentence of imprisonment was 21 months. A trial court's sentence under the federal sentencing guidelines will be upheld if, as here, the guidelines were applied to findings of fact that were not clearly erroneous. United States v. Vopravil, 891 F.2d 155, 157 (7th Cir.1989).
 
 
 12
 1. Same Course of Conduct or Common Scheme or Plan
 
 
 13
 In addition to the 26.3-gram transaction with government informant Conti on March 29, 1990, for which he was convicted, Larson was also involved in a transaction on May 3, 1990, in which the same government informant obtained 27.6 grams of cocaine. Larson claims, essentially for two reasons, that the district court erred by including the 27.6 grams in calculating his base offense level, pursuant to U.S.S.G. § 1B1.3(a)(2), which provides that the district court shall consider "acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction."
 
 
 14
 First, he claims that although he "set up" this second deal, he was not present when the transaction occurred. Nevertheless, the district court made the finding, supported by sufficient evidence, that Larson would have personally purchased the cocaine in the May 3 sale, just as he had on March 29, if he had been able to get cocaine from his first supplier on May 3.
 
 
 15
 Second, Larson's argument is based primarily upon his assertion that at the time of the March 29 transaction neither Larson nor Conti contemplated future sales. The record shows that Conti inquired on March 29 about getting more than the ounce that Larson supplied. Larson made no definite response, although he later told Conti how to get in touch with him. Shortly before May 3, Conti contacted Larson to set up another transaction. On May 3, Larson attempted to follow the same sort of procedure as the March 29 transaction, i.e., get money from Conti, go purchase an ounce of cocaine from a supplier, and return to Conti with the cocaine. The supplier was not home, however, so Larson drove Conti to a house where another supplier, Jim Gendle, was located. Larson went inside, then came out and reported that Gendle was not there. Larson and Conti left for a while, then returned to the house. Larson instructed Conti to wait in the car, but Conti entered the house shortly thereafter. Larson told Conti that he had given Conti's money to Gendle's bodyguard, who in turn would give it to Gendle. Gendle left for a short time, then returned and told Conti that he could not get any cocaine and gave Conti his money back. Larson and Conti waited at the house for a while. Then Gendle told Conti that he had arranged to go get some cocaine, and Conti gave Gendle the money for an ounce. When Gendle returned, he gave the cocaine to Conti. Larson claims that he was not present during this transaction, but other testimony suggests that he was.
 
 
 16
 Based on the evidence in the record, the district court was not clearly erroneous in finding that the two transactions in this case, in which Larson set up the distribution to Conti of one ounce of cocaine, were part of the same course of conduct.
 
 2. Minor or Minimal Participant
 
 17
 The district court's finding that Larson was not a minor or minimal participant was not clearly erroneous. The evidence showed that Larson put the entire transaction together. He may have been a major participant in a minor operation, see United States v. Glasco, 917 F.2d 797, 800 (4th Cir, 1990), cert. denied, 111 S.Ct. 1120 (1991), but he was certainly a major participant.
 
 3. Acceptance of Responsibility
 
 18
 The district court's finding that Larson had not accepted responsibility was not clearly erroneous. The record supports the court's determination that although Larson satisfied some of the criteria in U.S.S.G. § 3E1.1 for acceptance of responsibility, he nonetheless failed to meet other criteria. For example, he used cocaine while out on bond, was not sufficiently forthcoming with admissions and assistance to the authorities, and continually placed blame on the government.
 
 
 19
 (4) Assistance of Counsel
 
 
 20
 Larson claims that he received ineffective assistance of counsel because trial counsel (1) failed effectively to advocate his post-trial motions, (2) failed to argue and present evidence for proper application of the sentencing guidelines, (3) failed to move to disqualify the trial judge, and (4) failed to identify Steve Ford as a potential witness.
 
 
 21
 Claims of ineffective assistance of counsel often involve the need for findings of fact based on evidence that is not in the trial record. Because of this, it is customary for these claims to be pursued in collateral proceedings where the facts upon which the claims are based can be fully developed. Although a court can sometimes decide such issues on the trial record, generally they decline to pass on the ineffective assistance of counsel claims on direct appeal. Ineffective assistance of counsel claims are best dealt with at the district court level, where evidence can be taken, either through a motion for new trial or through the collateral relief available under 28 U.S.C. § 2255. United States v. Reiswitz, 941 F.2d 488, 495 (7th Cir.1991). Larson's counsel in this case did file a motion for new trial, which was denied without a hearing. Larson alleges ineffective assistance of counsel in failing to properly pursue the motion for a new trial. There are no findings of fact and not a sufficient record upon which to make a decision on these claims. Larson is free to raise the ineffective assistance claim in collateral proceedings.
 
 
 22
 For the reasons stated above, Larson's ineffective assistance claim is dismissed without prejudice. As to his other issues, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge of the Eleventh Circuit, sitting by designation